UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

**In re:**

**SQUARE ONE DEVELOPMENT, LLC,** *et al.*,

   **Debtors.**

_____/

**ROBERT MORRISON,**
**LIQUIDATING AGENT,**

   **Plaintiff,**

vs.

**JOHN CONNOR,**

   **Defendant.**

_____/

**CASE NO.:   6:17-bk-03846-KSJ**

**CHAPTER 11**

**Jointly Administered**


**Adv. Pro. No. 6:19-_____**

# COMPLAINT

Plaintiff, Robert Morrison (the "Liquidating Agent" or "Plaintiff"), as the Liquidating Agent for the above-captioned Debtor, Square One Development, LLC ("Square One"), the surviving entity upon the substantive consolidation and merger into Square One Development, LLC (Case No. 6:17-bk-03846- KSJ), of all the assets of the jointly-administered debtors listed in Footnote 1(collectively, the "Debtors")[1], hereby sues Defendant, JOHN CONNOR ("CONNOR"), an individual, and alleges, upon information and belief, as follows:

## Nature of the Action

  1.  This is an adversary proceeding brought pursuant to Sections 544 and 550 of Title 11 of the United States Code (the "Bankruptcy Code"), Chapter 726, Florida Statutes, and

---

[1] Jointly-administered cases:  Square One Development, LLC, Case No.: 6:17-bk-03846-KSJ; Square One Winter Park, LLC, Case No.: 6:17-bk-03843-KSJ; Square One Tamiami, LLC, Case No.: 6:17-bk-03847-KSJ; Square One University, LLC, Case No.: 6:17-bk-03848-KSJ; Square One Ft. Myers, LLC, Case No.: 6:17-bk-03849-KSJ; Square One Tampa Bay, LLC, Case No.: 6:17-bk-03850-KSJ; Square One Henderson, LLC, Case No.: 6:17-bk-03851-KSJ; Square One Brandon, LLC, Case No.: 6:17-bk-03852-KSJ; Square One Tyrone, LLC, Case No.: 6:17-bk-03853-KSJ; Square One The Villages, LLC, Case No.: 6:17-bk-03855-KSJ; Square One Gainesville, LLC, Case No.: 6:17-bk-03856-KSJ; Square One Burgers Prop Co., LLC, Case No.: 6:17-bk-03857-KSJ; and Square One Lakeland, LLC, Case No.: 6:17-bk-03858-KSJ.

Rule 7001 of the Federal Rules of Bankruptcy Procedure, seeking to avoid actual and constructively fraudulent conveyances.

### Jurisdiction and Venue

2. This Court has jurisdiction over the subject matter of this complaint pursuant to 28 U.S.C. §§ 1334 and 157.

3. Venue is proper in this district under 28 U.S.C. § 1409.

4. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(H).

### History and Structure of Square One Development

5. Square One was a multi-member Florida limited liability company formed on April 6, 2010. Square One owned a group of twelve related entities including eight (8) full service gourmet burger restaurants with franchises operating in west central Florida. Square One maintained its corporate offices at: 704 West Bay Street, Tampa, Florida 33606, but managed restaurants in Fort Myers, Gainesville, The Villages, Lakeland, Brandon, Saint Petersburg and Sarasota, Florida.

6. On June 9, 2017 (the "Petition Date"), Debtors (Square One Development, LLC, and its affiliates and related entities, which were jointly-administered debtors and debtors-in-possession), filed their voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"); no trustee was appointed.

7. On April 11, 2018, the Court entered an Order Confirming Joint Chapter 11 Plan of Liquidation, as Modified (Doc No. 411) (the "Confirmation Order"), thereby confirming the Plan and approving the appointment of the Liquidating Agent. The Effective Date of the Plan was April 30, 2018 (Notice of Effective Date, Doc No. 427). On the Effective Date, the Debtors were substantively consolidated into the Liquidating Debtor as Square One Development, LLC.

8.  Starting in 2014, a number of restaurant franchises flooded the market saturating the areas around Square One's restaurants with a litany of dining options. When the competition settled in, Square One struggled to breakeven and quickly fell behind with its creditors. In the first half of 2017, the collection lawsuits[2] started to build and take their toll on the Debtors' operations. In May 2017, after failing to stave off eviction, Square One Winter Park, LLC was forced to shutter its location.

9.  Debtors maintained a consolidated cash management system where funds were daily swept into a concentration account and then distributed as needed to meet payables.

10. Beginning in 2016, the concentration account was regularly overdrawn and, thus, Debtors had to fully draw on a line of credit.

11. In September 2015, Debtors then lender, Cadence Bank, notified Debtors that the operating line would not be renewed. Debtors were able to obtain a replacement line of credit March 2016; however, Debtors had to encumber all assets of each individual debtor.

12. Starting in March 2014, Square One obtained a loan from Stearns Bank and encumbered real property owned by Square One Prop. Co., LLC. Thereafter, Square One obtained three additional loans to build out three locations.

13. From as early as March 2014, Debtors were insolvent due both to liabilities exceeding assets and cash flow shortfalls.

14. Over a period of three years, from 2014 to 2017, Square One Development and its affiliates made or caused to be made Distributions to the Class B, C, and D Equity Shareholders (the "Distributions").

---

[2] See e.g., *Campo Engineering, Inc., v. Square One Burgers & Bar, LLC*, Hillsborough County Case No: 17-CA-3687; *Destination Studios, LLC v. Square One Winter Park, LLC*, Orange County Case No: 2014-CA-3574-O; *Jon B. Opper v. Square One Tyrone, LLC*, Pinellas County Case No: 16-007982-CI; *LG Sheldon & Linebaugh, LLC v. Square One Westchase, LLC and Square One Development, LLC*, Hillsborough County Case No: 17-CA-000499; Stearns Bank v. Square One Development, LLC, et al., Sarasota County Case No: 2017-CA-001275-NC.

15. Debtors received no value for the Distributions and were insolvent at the time of each of the Distributions.

**COUNT I.**
**(CONSTRUCTIVE FRAUD)**
<u>**FRAUDULENT TRANSFERS UNDER 11 U.S.C. §§544(b) AND 550,**</u>
<u>**AND FLA. STAT. §§726.105(1)(b), 726.106(1), and 726.108**</u>

16. Paragraphs 1 through 15 inclusive are realleged and incorporated herein by reference.

17. This is an adversary proceeding to recover fraudulent transfers pursuant to 11 U.S.C. §§544(b) and 550, and Fla. Stat. §726.101 *et seq.*

18. Within four years prior to the Petition Date, Development, or its affiliates, transferred, to or for the benefit of the Defendant, Distributions in the amount of $56,408.28 (the "CONNOR Distributions")

19. Debtors received no fair consideration from the Defendant in exchange for the CONNOR Distributions.

20. Debtors were insolvent on the dates of the CONNOR Distributions and remained insolvent continuously thereafter.

21. At the time of the CONNOR Distributions, Debtors were engaged in a business or transaction for which the remaining property of Debtors constituted an unreasonably small amount of capital in relation to the business or transaction.

22. At the time of the CONNOR Distributions, Debtors intended to incur, believed or reasonably should have believed that it would incur, debts that would be beyond Debtors' ability to pay as they became due.

23. There is at least one actual holder of an allowed unsecured claim pursuant to 11 U.S.C. §502, who would have standing to assert a claim for relief under the Florida Uniform Fraudulent Transfer Act ("FUFTA").

24. The CONNOR Distributions are avoidable under Fla. Stat. §726.108(1)(a) and 11 U.S.C. §544(b).

25. Pursuant to 11 U.S.C. §550(a), the recovery of property for the benefit of Debtors' estate is authorized to the extent the CONNOR Distributions are avoided under 11 U.S.C. §544(b) and FUFTA.

**WHEREFORE,** Robert Morrison, Liquidating Agent, requests that this Court enter a judgment against CONNOR: (i) avoiding the CONNOR Distributions pursuant to 11 U.S.C. §544(b) and Fla. Stat. §§726.105(1)(b), 726.106(1), and 726.108; (ii) recovering the value of the CONNOR Distributions from CONNOR pursuant to 11 U.S.C. §550; (iii) granting interest from the date of the CONNOR Distributions; (iv) granting all costs from this action; and (v) for such other and further relief as the Court deems just and proper.

## COUNT II.
## (ACTUAL FRAUD)
## FRAUDULENT TRANSFERS UNDER 11 U.S.C. §§544(b) AND 550, AND FLA. STAT. §§726.105(1)(a) and 726.108

26. Paragraphs 1 through 25 inclusive are realleged and incorporated herein by reference.

27. This is an adversary proceeding to recover actual fraudulent transfers pursuant to 11 U.S.C. §§544(b) and 550, and Fla. Stat. §726.101, et. seq.

28. Within four years prior to the Petition Date, Debtors transferred, to or for the benefit of the Defendant, the CONNOR Distributions.

29. The CONNOR Distributions were made by Debtors with the actual intent to hinder, delay or defraud present and future creditors of Debtors.

30. There is at least one actual holder of an allowed unsecured claim pursuant to 11 U.S.C. §502, who would have standing to assert a claim for relief under FUFTA.

31. The CONNOR Distributions are avoidable under Fla. Stat. §726.108(1)(a) and 11 U.S.C. §544(b). Pursuant to 11 U.S.C. §550(a), the recovery of property for the benefit of Debtors' estate is authorized to the extent the CONNOR Distributions are avoided under 11 U.S.C. §544(b) and FUFTA.

**WHEREFORE,** Robert Morrison, Liquidating Agent, requests that this Court enter a judgment against CONNOR: (i) avoiding the CONNOR Distributions pursuant to 11 U.S.C. §544(b) and Fla. Stat. §726.105(1)(a); (ii) recovering the value of the CONNOR Distributions from CONNOR pursuant to 11 U.S.C. §550; (iii) granting interest from the date of the CONNOR Distributions; (iv) granting all costs from this action; and (v) for such other and further relief as the Court deems just and proper.

**RESPECTFULLY SUBMITTED**, this 6th day of June 2019.

/s/R. Scott Shuker
R. Scott Shuker, Esquire
Florida Bar No.984469
Mariane L. Dorris, Esquire
Florida Bar No. 173665
**LATHAM, SHUKER, EDEN & BEAUDINE, LLP**
111 N. Magnolia Avenue, Suite 1400
P.O. Box 3353
Orlando, Florida   32802-3353
Tel: 407-481-5800
Fax: 407-481-5801
*Attorneys for Liquidating Agent*